48 CCPA

**Application of Willard L. CHEESMAN.**

**Patent Appeal No. 6708.**

United States Court of Customs and Patent Appeals.
July 12, 1961.

Willard L. Cheesman, pro se.

Clarence W. Moore, Washington, D. C. (Joseph F. Nakamura, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

WORLEY, Chief Judge.

This appeal is from a decision of the United States Patent Office Board of Appeals affirming the examiner's rejection of claims 3, 4, 5, and 9, all of the claims in appellant's application for a patent on a paper cup for handling hot liquids.

Claim 9 is representative of the appealed claims and reads:

"9. A paper container for hot potable liquids comprising a paper side section of hot-liquid-proofed paper joined to a recessed bottom section of hot-liquid-proofed paper, said paper side and bottom sections being impervious to hot aqueous liquids but pervious to moisture vapor, and a moisture-vapor impervious barrier contiguous with the bottom section selected from a material of the group consisting of cellulose esters, cellulose ethers, vinyl resins, polyamide resins, and metal foil."

All of the claims are directed to conventional hot-liquid paper containers provided with special vapor-proof bottoms. Appellant states in his specification that the paper stock used for the manufacture of ordinary hot-liquid containers is customarily treated with a resin or impregnant. The resin, according to appel-

---

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'Connell, pursuant to provisions of Section 294(d), Title 28 United States Code.

lant, while rendering the paper water-proof, does not render it moisture-vapor proof. It is the vapor permeability of the paper which causes conventional cups, when allowed to stand filled with hot liquids, to generate moisture spots. The moisture-vapor flows through the bottom of the container and condenses on the cool surface on which the cup rests. Appellant claims spotting is prevented by coating the bottom of his cup with a moisture-vapor barrier made of such materials as plastic resins or metal foil.

The claims were held unpatentable over the following references:

| | | |
|---|---|---|
| Clark | 1,995,703 | March 26, 1953. |
| Sloan | 2,013,865 | September 10, 1935. |
| Gattuso | 2,695,744 | November 30, 1954. |
| Rado (German) | 606,606 | December 6, 1934. |

Clark discloses fibrous containers rendered moisture-proof by coating with a casein solution.

Sloan teaches the use of thermoplastic vinyl resins as a coating for paper containers to make them impervious to moisture and water.

Gattuso shows a double-walled hot liquid container having an inner liner formed of metal foil spaced from an outer cardboard casing to provide an insulating air space around the sides and bottom of the liner.

Rado discloses a paper drinking cup faced inside and out with metal foil.

The board, in affirming the examiner's rejection, was of the opinion that the solution to the problem of moisture spotting caused by conventional hot liquid cups was obvious in view of the prior art. Specifically, the board stated:

"* * * Since appellant admits that such conventional containers are inherently vapor pervious and are known to be comfortable to hold when filled with hot liquid, it appears to us that it would be obvious to a worker in the art that moisture appearing beneath such a container on a surface which supports it is due to condensation of vapor passing through the container bottom, and that the remedy is to cover the bottom with a material which is vapor impervious like the foil of Rado or the resin of Sloan while leaving the side walls unchanged and therefore still comfortable to hold. * * *"

In opposition to the board's position, appellant urges that the art was unaware that moisture vapor permeability was the cause of the moisture spots, and that the art was also unaware that the sidewalls of the conventional paper cup are comfortable to hold because of their moisture vapor permeability. Without that knowledge, appellant argues, a worker skilled in the art would not be led to construct a cup having sides and a bottom made according to the claimed combination. We disagree.

That conventional papers cups leave moisture spots when left to stand filled with hot liquid is well known. It seems to us that one aware of that problem would naturally assume that the moisture came from the contents of the cup, being transferred through the bottom, since it appears to be the only logical source of the moisture. Certainly that should be obvious to one skilled in this particular art.

The solution to the problem is likewise obvious in view of the references. For example, Sloan specifically teaches that his plastic coating renders containers "impervious to and proof against moisture, water * * * and the like." Similarly, the metal foil coated drinking cups of Rado are both vapor and water-proof. We agree with the board that it would be obvious to one skilled in the art

to coat only the bottom of the conventional hot-liquid cup with the vapor-proof materials of Rado or Sloan, as appellant has done.

The decision is affirmed.

Affirmed.